# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| JEVIC HOLDING CORP, et. al., | : | Bankruptcy Case No. 08-11006 (BLS) |
| | : | Bk. Adv. No. 08-51903 (BLS) |
| | : | BAP 21-00034 |
| Debtors. | : | |
| _____ | : | |
| GEORGE L. MILLER, in his capacity as the Chapter 7 trustee of the Debtors' bankruptcy estates, | : | |
| Appellant, | : | |
| v. | : | C.A. No. 21-811-RGA |
| CIT GROUP/BUSINESS CREDIT INC., in its capacity as Agent, et al. | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **25th** day of **June, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the

expense of the process.

The parties have not previously participated in mediation since these cases were converted to chapter 7 and the Trustee was appointed.

Appellant-Trustee believes mediation would be productive in leading to possible settlement and thus feels Court-supervised mediation would be beneficial for the following reasons: the Appeal rases matters of first impression in this Circuit and the parties would benefit from mediation due to the uncertain procedural posture of the underlying bankruptcy cases as related to the separate adversary proceeding initiated by Appellee-CIT to recover disbursed proceeds of the prior settlement which was overturned by the United States Supreme Court in *Czyzwski v. Jevic Holding Corp.,* 137 S. Ct. 937 (2017).[1] As a result, Appellant-Trustee contends that mediation could lead to a global resolution. Further, Appellant-Trustee maintains Appellee-CIT's inclusion of a proposed briefing schedule is unnecessary based in this Court's Order at D.I. 3 which provides "[s]hould the parties *jointly* request the matter be removed from the mandatory mediation requirement, they are to provide a proposed briefing schedule and/or advise whether they feel a teleconference with a Magistrate Judge would be of assistance and why."[2] If the proceedings are removed from mandatory mediation, Appellant-Trustee requests no less than thirty (30) days to file its opening brief and a teleconference if the Court is considering Appellee-CIT's proposed schedule.

Appellee-CIT, as agent for the lender group, does not believe that mediation

---

[1] This adversary proceeding is not on appeal and therefore, not presently before this Court.

[2] Emphasis in this Court Order at D.I. 3 was added by Appellant-Trustee.

2

would be beneficial noting that this bankruptcy case has been pending for about eleven (11) years. It contends that the claims asserted by the creditors' committee were settled many years ago and Appellee-CIT paid full settlement consideration which was distributed to the debtors' creditors. After the Supreme Court vacated settlement, Appellant-Trustee sought to pursue the same claims without returning the settlement funds to Appellee-CIT. Therefore, Appellee-CIT is not interested in making any further payment to settle this matter.

Further, Appellee-CIT maintains it is entitled to recover its fees and expenses for defending litigation that Appellant-Trustee pursued. Absent Appellant-Trustee's willingness to discuss paying Appellee-CIT's fees and expenses and dismiss its appeal with prejudice, mediation is not worthwhile

Previously, Appellees engaged in settlement discussions prior to and after conversion to Chapter 7. The relevant parties, including Appellant-Trustee post-conversion, were never close to reaching a resolution.

According to Appellee-CIT, there are no issues regarding the Bankruptcy Court's authority to interpret its own order, and that Appellant-Trustee stands in the debtors' shoes and is bound by the debtors' waivers. Therefore, Appellee-CIT contends that mediation would be a waste of the parties' time, add unnecessary expense and delay the end to these bankruptcy cases.

In additional to removal from mandatory mediation, Appellee-CIT further requests that the following briefing schedule be entered:

| | |
|---|---|
| Appellant's Opening Brief | July 14, 2021 |
| Appellees' Responsive Briefs | August 11, 2021 |

Appellant's Reply Brief                              August 25, 2021

As noted previously herein, the above proposed briefing schedule is opposed by Appellant-Trustee since it would be less than thirty (30) days for the filing of its opening brief with this Court.

Appellees Sun Capital Partners, Inc., Sun Capital Partners, IV and Sun Capital Partners Management IV, LCC (collectively "Sun"), although amenable to settlement because of the long history and prior settlement payments made by Sun to the debtors' administrative creditors under the vacant settlement which have not been returned, Sun does not believe that the additional expense or the procedure for mediation is required to reach a settlement. Consistent with the reasons provided by Appellee-CIT, Sun requests this appeal be removed from mandatory mediation.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.

IT IS NOT RECOMMENDED that the proposed briefing schedule requested by Appellee-CIT be adopted.

The parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge